IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> KEVIN D. COGAN; EDWYNN  ) <br> BURCKLE; GEORGE E. CLARK;  ) <br> DORIS COGAN; BAYUS, INC.  ) <br> d/b/a BAYUS-EVOLA ARCHITECTS;  ) <br> JAMES A. HALL and JAMES A. HALL  ) <br> d/b/a JAMES A. HALL BUILDER  ) <br> d/b/a HALL CONTRACTING d/b/a HALL  ) <br> CONSTRUCTION COMPANY;  ) <br> MINDEL, SCOTT & ASSOCIATES,  ) <br> INC.; and A. STANLEY WILLETT  ) <br> d/b/a WILLETT ENGINEERING  ) <br> COMPANY,  ) <br> ) <br> Defendants.  ) <br> _____) | Civil Action No.  3:10cv-533-S |

## COMPLAINT

The United States of America alleges:

1.  This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601–3619.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the United States' allegations occurred in the Western District of Kentucky,

1

the subject property is located in this District, and the defendants either reside or do business in this District.

## SUBJECT PROPERTY

4. Park Place Apartments ("PPA") is a multifamily apartment complex located at 7500 Cranfill Way, Louisville, KY 40214. PPA contains 46 six-unit, non-elevator apartment buildings. PPA has a total of 276 apartment units, 138 of which are located on the ground floor. PPA contains public and common use areas that include a leasing office, a clubhouse, a swimming pool, pedestrian walkways, mailboxes, and parking spaces.

## DEFENDANTS

5. Defendants Kevin D. Cogan, Edwynn Burckle, and George E. Clark operated a general partnership organized and existing in the state of Kentucky under the assumed name of New Cut Partnership and whose address is or was 136 St. Matthews Avenue, Louisville, KY 40207. Defendants Kevin D. Cogan, Edwynn Burckle, and George E. Clark d/b/a New Cut Partnership, were owners of PPA, and they were involved in the design and construction of PPA.

6. Defendants Kevin D. Cogan, Edwynn Burckle, James A. Hall and George E. Clark operated a general partnership organized and existing in the state of Kentucky under the assumed name of Park Place Apartments Partnership and whose address is or was 136 St. Matthews Avenue, Louisville, KY 40207. Defendants Kevin D. Cogan, Edwynn Burckle, James A. Hall, and George E. Clark d/b/a Park Place Apartments Partnership were owners of PPA, and they were involved in the design and construction of PPA.

7. Defendants Kevin D. Cogan, Edwynn Burckle, James A. Hall, and Doris Cogan operated a general partnership organized and existing in the state of Kentucky under the assumed names of Park Place Apartments Partnership and Park Place Apartments IV Partnership and

whose address is or was 136 St. Matthews Avenue, Louisville, KY 40207. Defendants Kevin D. Cogan, Edwynn Burckle, James A. Hall, and Doris Cogan d/b/a Park Place Apartments Partnership and d/b/a Park Place Apartments IV Partnership are the owners and/or operators of PPA, and they were involved in the design and construction of PPA.

8. Defendant A. Bayus, Inc. is an active, for-profit Kentucky corporation with its principal place of business at 2908 Eastpoint Parkway, Louisville, KY 40223. Bayus-Evola Architects is an assumed name of A. Bayus, Inc., and it is an active Kentucky Assumed Name Corporation with its principal place of business at 2908 Eastpoint Parkway, Louisville, KY 40223. A. Bayus, Inc. d/b/a Bayus-Evola Architects was involved in the design and construction of PPA.

9. Defendant James A. Hall d/b/a James A. Hall Builder d/b/a Hall Contracting and d/b/a Hall Construction Company is or was a builder/developer with his principal place of business at 1700 Kensington Place, Louisville, KY 40205. James A. Hall d/b/a James A. Hall Builder d/b/a Hall Contracting and d/b/a Hall Construction Company was involved in the design and construction of PPA.

10. Defendant A. Stanley Willett d/b/a Willett Engineering Company is an engineer who is or was registered with the state of Kentucky with his principal place of business at 4134 South Fifth Street, Louisville, KY 40214. He was involved in the design and construction of PPA.

11. Defendant Mindel, Scott & Associates, Inc. is an active, for-profit Kentucky corporation with its principal place of business at 5151 Jefferson Boulevard, Louisville, KY 40219. Mindel, Scott & Associates, Inc. was involved in the design and construction of PPA.

## FAIR HOUSING ACT ALLEGATIONS

12. PPA was designed and constructed for first occupancy after March 13, 1991.

13. PPA contains "dwellings" as defined by 42 U.S.C. § 3602(b).

14. PPA contains "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7).

15. The covered multifamily dwellings at PPA are subject to the requirements of 42 U.S.C. § 3604(f).

16. The defendants failed to design and construct the covered multifamily dwellings at PPA in a manner that complies with the requirements of 42 U.S.C. § 3604 (f)(3)(C), including the following requirements:

   a. the public use and common use portions of the dwellings therein are readily accessible to and usable by individuals with disabilities;

   b. all doors within the ground-floor units are sufficiently wide to allow passage by persons with disabilities who use wheelchairs; and

   c. all premises within the ground-floor units contain the following features of adaptive design: (i) an accessible route into and through the dwelling; (ii) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; and (iii) usable bathrooms and kitchens such that an individual using a wheelchair can maneuver about the space.

The inaccessible features at PPA include routes from the public access and parking areas to covered multifamily dwelling entrances and to places of public accommodation with excessive abrupt level changes, excessive cross slopes, and steep running slopes; doors to bathrooms, bedrooms, and walk-in-closets in covered dwelling units that are not sufficiently wide for passage by a person using a wheelchair or other mobility aid; kitchens and bathrooms that are not designed and constructed so that an individual using a wheelchair can maneuver about them; thermostat controls in covered dwelling units that are mounted above the maximum reach of a wheelchair user; and door hardware on entrances to covered units that are round knobs, which require a tight grasping and twisting of the wrist to operate.

17. The defendants' conduct described above violates 42 U.S.C. §§ 3604(f)(1), (f)(2), and (f)(3)(C).

18. The defendants' conduct constitutes:

   a. a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601–3619; or

   b. a denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601–3619, which raises an issue of general public importance.

19. The defendants' conduct described above was intentional, willful, and taken in disregard for the rights of others.

20. Persons who may have been the victims of the defendants' discriminatory housing practices are aggrieved persons as defined in 42 U.S.C. § 3602(i), and may have suffered injuries as a result of the conduct described above.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enters an order that:

a.  Declares that the defendants' conduct as alleged herein violates the Fair Housing Act;

b.  Enjoins the defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

   i.  Failing or refusing to retrofit the dwelling units and public and common use areas at PPA and at other covered multifamily dwellings designed and constructed by the defendants so as to bring them into compliance with 42 U.S.C. § 3604(f);

   ii.  Failing or refusing to conduct a compliance survey at all covered multifamily dwellings designed and constructed by the defendants to determine whether the retrofits ordered in paragraph (b)(i), above, were made properly;

   iii.  Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the defendants' unlawful practices to the position they would have been in but for the discriminatory conduct; and

   iv.  Designing and constructing any covered multifamily dwellings in the future that do not comply with 42 U.S.C. § 3604(f);

c.  Enjoins the defendants from engaging in conduct that denies access to the public and common use areas and the covered multifamily dwellings or that prevents any required retrofits from being performed in a prompt and efficient manner; and

    d.    Awards monetary damages to all persons harmed by the defendants' discriminatory practices, pursuant to 42 U.S.C. § 3614(d)(1)(B).

The United States prays for such additional relief as the interests of justice may require.

Dated: August 10, 2010

Respectfully submitted,

ERIC H. HOLDER, JR.
Attorney General

_____
THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

DAVID J. HALE
United States Attorney
Western District of Kentucky

_____
BEN SCHECTER
Assistant United States Attorney
Office of the United States Attorney
Western District of Kentucky
510 West Broadway, 10th Floor
Louisville, KY 40202
Tel.: 502-582-5911
Fax: 502-625-7110

_____
STEVEN H. ROSENBAUM
Chief
Housing and Civil Enforcement Section

_____
MICHAEL S. MAURER
Deputy Chief
RYAN G. LEE
Trial Attorney
Ryan.Lee@usdoj.gov
Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, DC 20530
Tel.: (202) 305-3109
Fax: (202) 514-1116

**ELECTRONICALLY FILED**